UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRAD CULOTTA, ET AL.                                      CIVIL ACTION

VERSUS

STATE FARM FIRE AND CASUALTY                NO. 24-00793-BAJ-RLB
COMPANY, ET AL.

## RULING AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 9). Defendants oppose the Motion (Doc. 12), and Plaintiffs have filed a Reply (Doc. 16). The Magistrate Judge issued a **Report And Recommendation (Doc. 24, the "Report")**, recommending that the Court deny Plaintiffs' Motion. Plaintiff filed a timely Objection to the Report. (Doc. 30). For the reasons below, the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

I.   BACKGROUND

This is an insurance case. After their toilet overflowed, Plaintiffs sought insurance proceeds from their homeowner's policy (the "Policy") with Defendant State Farm Fire and Casualty Company. (Doc. 1-1).

Plaintiffs allege that Defendants breached the Policy and engaged in misrepresentations regarding the coverage provided under the Policy. (Doc. 1-1; Doc. 30 at 1).

Plaintiffs filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Doc. 1-4). Defendants timely removed to this Court based on diversity jurisdiction, arguing improper joinder of non-diverse Defendants

Jennifer Armstrong and Rodrick Philson, who were State Farm claims adjusters, and Steven Brooksher, Plaintiffs' insurance agent. (Doc. 1 at 4). Plaintiffs filed a motion to remand arguing that non-diverse parties were properly joined. (Doc. 9). The Report found that Defendants Armstrong, Philson, and Brooksher were not properly joined as parties to the action because no plausible claims existed against them. (Doc. 24 at 8-15). Following this logic, the Report concludes that these Defendants must be dismissed from this case, leaving only diverse parties Plaintiffs and State Farm and making remand inappropriate. (Doc. 24 at 4-6). Plaintiffs filed a timely objection to the Report, objecting only to the Report's findings with respect to Defendant Brooksher. (Doc. 30 at 2). Plaintiffs do not seek review of the Report's findings with respect to improper joinder of Defendants Armstrong and Philson. (*Id.*)

## II.   DISCUSSION

Plaintiffs maintain that they "certainly have viable claims against Brooksher" and therefore he is properly joined, destroying complete diversity among the parties and necessitating remand. (Doc. 30 at 2). Plaintiffs object to the Report's finding that Brooksher was improperly joined because "[the Report] misapplies the standard for improper joinder, resolves pleading and fact ambiguities against [Plaintiffs], and disregards and/or misconstrues factual allegations that state plausible claims against Brooksher." (*Id.* at 3).

Specifically, Plaintiffs take issue with the Report's conclusion that their claims against Brooksher fall outside of the relevant prescriptive period. (*Id.* at 4). Plaintiffs disagree with the Report's conclusion as to the relevant date for the beginning of the

prescriptive period. (*Id.*) However, as the Report correctly concludes, "[e]ven if the Plaintiffs' claims against Brooksher are not barred by the prescriptive or peremptive period, the Plaintiffs' claims against Brooksher fail for the more basic reason that they have not raised facts under which Brooksher breached a duty owed to them under Louisiana law." (Doc. 24 at 10). Plaintiffs also object to the Report's conclusion on this dispositive issue but point to no facts alleged in the Petition (Doc. 1-1) to support a different finding. Rather, Plaintiffs merely re-state conclusory allegations from the Petition that "Brooksher intentionally fabricated the details of the additional policy coverage included" and "fraudulently told the petitioners that all damages . . . [were] covered" without further factual allegations to support such a legal conclusion. (Doc. 30-1 at 11). These legal conclusions, without supporting facts, must be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Although . . . we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")

Any potential claims for fraud or misrepresentation against Brooksher fail because of insufficient facts alleged to meet all three elements required for such a claim. In Louisiana, Plaintiffs are required to show: (1) misrepresentation of material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury. *Becnel v. Grodner,* 07–1041, p. 3 (La. App. 4th Cir. 4/2/08), 982 So.2d 891, 894. Again, Plaintiffs point to no specific factual allegations in the Petition to support these elements. Instead, their objection merely repeats conclusory statements that are devoid of factual content. Plaintiffs now further allege that

3

Brooksher "misrepresented" certain facts "when he knew or should have known otherwise" but, again, point to no factual allegations in the Petition to support this legal conclusion. It is a mere "recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the Report correctly concluded, and the Court now affirms, that no plausible claim exists against Brooksher.

Regarding the standard of review, Plaintiffs further assert that "while factual disputes may remain regarding the exact intent or reasonableness of the acts, omissions, and misrepresentations of Brooksher, resolution of those issues for the purpose of determining jurisdiction would entail the detailed inquiry cautioned against by the Fifth Circuit." (Doc. 30-1 at 12-13). Plaintiffs mischaracterize the Report's findings in this regard. The Report does not attempt to resolve a factual dispute, but instead correctly concludes that Plaintiffs have not pled sufficient facts to support a plausible cause of action for fraud or misrepresentation under Louisiana law. (Doc. 24 at 10-11); *see also Becnel v. Grodner*, 07–1041, p. 3 (La. App. 4th Cir. 4/2/08), 982 So.2d 891, 894 (outlining the elements of fraud under Louisiana law); Fed. R. Civ. P. 9 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); La. Code Civ. Proc. art. 856 (establishing that fraud must be alleged with particularity).

Because no other cause of action is apparent against Defendant Brooksher, his dismissal from this action is proper.

4

### III.  CONCLUSION

Having carefully considered Plaintiffs' Motion (Doc. 9), Defendants' Opposition (Doc. 12), Plaintiffs' Reply (Doc. 16), the Report (Doc. 24), and Plaintiffs' Objection to the Report (Doc. 35), the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion To Remand (Doc. 9)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 29th day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

5